**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

PETER P. PERRY and
MICHAEL T. BORDICK,

        Plaintiffs

v.

                              Civil No. 05-161-P-C

JOHN H. WOLAVER and
BARBARA J. WOLAVER,

        Defendants

Gene Carter, Senior District Judge

**ORDER GRANTING DEFENDANTS' AMENDED MOTION
TO EXTEND TIME TO FILE OPPOSITION**

Defendants have moved, pursuant to Federal Rule of Civil Procedure 6(b)(2), to

extend the time for filing a motion opposing Plaintiffs' Motion for Partially Summary

Judgment. Because Defendants' request was made after the time for filing the opposition

had passed, they bear the burden of demonstrating that their failure to act was the result

of excusable neglect. Fed. R. Civ. P. 6(b)(2). Plaintiffs oppose the instant motion.

**Background**

This suit arises over a dispute relating to the sale of two Maine limited liability

companies from Plaintiffs to Defendants. The issues include, *inter alia*, whether

Defendants have failed to make payments in accordance with the governing terms of that

sale and whether alleged errors in the computation of the purchase price excuse Defendants from making payments.  The Court has previously heard oral argument from the parties on these issues in the context of Plaintiffs' Motion for Attachment of Process.  That motion was denied, and both parties subsequently filed for partial summary judgment.

Although Defendants made all previous filings in accordance with appropriate time limits, they failed to timely file an opposition to Plaintiffs' Motion for Partial Summary Judgment, which was due on or before March 27, 2006.  On April 3, 2006, Defendants filed the instant motion seeking an extension of the time for filing their opposition.  Prior to the Court ruling on that motion, Defendants filed their opposition on April 4, 2006.

Defendants' attorney claims that his failure to timely file the opposition was because he did not become aware of the filing of Plaintiffs' motion until April 3, 2006, when he was advised by Plaintiffs' counsel that he had failed to timely respond.  Essentially, Defendants admit that the failure to discover the filing of the motion was due to negligence.[1]  Despite this negligence, however, Defendants contend that the neglect is excusable, and ask that this Court exercise its discretion in permitting an extension of the deadline.  Plaintiffs oppose the motion to extend and ask that the Defendants' late-filed opposition be stricken.

## Discussion

---

[1] Defendants' attorney asserts that, although he received all other notices of filing via this Court's electronic case filing system, he did not directly receive electronic notification of the filing of Plaintiffs' Motion for Partial Summary Judgment.  The Court's Notice of Electronic Filing indicates that notice of Plaintiffs' Motion for Partial Summary Judgment was sent in an identical manner to those other notices, which counsel admits to having directly received.  Although Defendants maintain that the failure to respond was "possibly" caused by an electronic service error, they do not press the issue and appear to tacitly concede, for purposes of this motion, that there was some measure of negligence on counsel's part.

In determining whether excusable neglect exists this Court must consider "all relevant circumstances, including the [] danger of prejudice…, the length of delay and its potential impact on judicial proceedings, the reasons for the delay, …and whether the movant acted in good faith." *Hospital del Maestro v. N.L.R.B.* 263 F.3d 173, 174-75 (1st Cir. 2001) (internal quotations omitted).  Of these factors the reason for the delay is most important. *Id.*

Most of these factors weigh in favor of finding Defendants' neglect "excusable." There is no contention that Defendants acted in bad faith.  The record indicates that Defendants' counsel acted promptly to attempt to fix the mistake, filing a motion to extend the deadline for filing the opposition on the same day that he learned of the error and filing the opposition the very next day.  The resulting delay of one week, under these circumstances, was not such that would tend to impact judicial proceedings.  Finally, although Plaintiffs claim possible prejudice from a tactical advantage gained from the late filing, if any such tactical advantage could exist, it would inure to the benefit of the Plaintiffs, as they will have the final opportunity to brief the issues raised by the cross motions for partial summary judgment.

Despite these factors weighing in favor of finding excusable neglect Defendants' reason for the delay is less than compelling.  "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993) (construing excusable neglect under the Bankruptcy code).  To determine whether the neglect in a particular circumstance may be excused, consideration must be given to whether doing so would "serve to condone and encourage carelessness and inattention in

3

practice before the federal courts." *See Graphic Communications Intern. Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 8 (1st Cir. 2001).

After careful review of the circumstances of this case, the Court is persuaded that counsel's neglect is excusable. Undoubtedly, careful attention must be paid to notifications made via the Court's electronic case filing system. Although the record here indicates that counsel had done so with respect to numerous previous filings, he failed on this one occasion and did so at his client's peril. Nonetheless, the case has otherwise been dutifully litigated by counsel on both sides. There is nothing to indicate that counsel's error is attributable to disregard for the importance of such notifications or for counsel's obligations to the Court. While the Court does not find counsel's excuse for failing to comply with the filing deadline satisfying, under these circumstances, it leaves the issue firmly within the Court's discretion.

Finally, consideration of "all relevant circumstances" further persuades the Court that counsel's neglect should be excused in this case. As noted, the parties have filed cross motions for partial summary judgment. Both motions are based upon essentially identical issues and resolution of the underlying controversy will be best served by permitting and considering full briefing from both parties. Accordingly, in exercise of the Court's discretion, the Court finds that Defendants' failure to timely file their opposition to Plaintiffs' Motion for Partial Summary Judgment constitutes excusable neglect.

### Conclusion

For the reasons set forth above, the Court **ORDERS** that Defendants' Amended Motion to Extend Time to File Opposition be, and it is hereby, **GRANTED**.

4

5

/s/ Gene Carter_____
**GENE CARTER**
Senior United States District Judge


Dated at Portland, Maine this 24th day of April, 2006.