UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PETER P. PERRY and<br>MICHAEL T. BORDICK,<br><br>    Plaintiffs<br><br>v.<br><br>JOHN H. WOLAVER and<br>BARBARA J. WOLAVER,<br><br>    Defendants | Civil No. 05-161-P-C |

Gene Carter, Senior District Judge

**ORDER DENYING DEFENDANTS'
MOTION FOR ATTORNEYS' FEES**

Now before the Court is Defendants' Motion for Attorney's Fees. (Docket Item No. 79). The underlying dispute concerns the sale of two companies from Plaintiffs, Peter P. Perry and Michael T. Bordick, to Defendants, John H. Wolaver and Barabar J. Wolaver.

**I. Background**

The Amended Complaint (Docket Item No. 22) sets forth claims alleging that Defendants have breached three contracts relating to that sale, specifically, a Promissory Note (Count I), an oral agreement (Count II), and a Pledge and Security Agreement (Count III). The Amended Complaint also seeks reformation of a Purchase and Sale agreement to conform with actions underlying the oral agreement (Count IV).

Defendants' Counterclaim (Docket Item No. 24) seeks a declaratory judgment that the purchase price of the companies was overstated by $134,617.59 plus interest (Count I), rescission of the oral agreement (Count II), reformation of the Promissory Note (Count III), and a declaratory judgment that Defendants are not in breach or default of the Promissory Note (Count IV).

Both parties moved for partial summary judgment. The claims considered for summary judgment included, *inter alia*, whether an erroneous calculation of the "purchase price adjustment" entitled Defendants to relief. On May 16, 2006, the Court entered its Order on Motions for Partial Summary Judgment. (Docket Item No. 65). The Court concluded, *inter alia*, that, as a matter of law, there had been an erroneous calculation of the purchase price adjustment and that Defendants' were entitled to a declaratory judgment in their favor.

Following the May 16, 2006 Order, the issues remaining for adjudication were: (1) claims relating to an oral agreement (Count II of the Amended Complaint and Count II of the Counterclaim), and (2) claims relating to allegedly incorrect financial statements (Count I of the Counterclaim and Count III of the Counterclaim).

On June 26, 2006, the parties filed a Stipulation purporting to resolve the remaining claims relating to the oral agreement (issue 1 above). (Docket Item No. 75). The Stipulation expressly reserves any right Defendants may have to seek attorneys' fees. That same day, the parties engaged in a settlement conference before Judge Hornby. At the conference the parties agreed to resolve amicably their remaining dispute relating to book entries (issue 2 above). Report of Settlement Conference of Counsel (Docket Item No. 77). The parties further agreed that the only remaining issue is whether Defendants

are entitled to attorneys' fees under the Purchase and Sale agreement.  On June 30, 2006, the parties filed a Stipulation of Dismissal in accordance with the agreement reached at the settlement conference.  (Docket Item No. 78).  The Stipulation of Dismissal expressly reserves Defendants' rights to seek attorneys' fees.

Defendants' instant motion seeks attorneys' fees based upon an indemnification provision contained in the Purchase and Sale Agreement.  Defendants contend that they are entitled to attorneys fees arising from the miscalculation of the purchase price adjustment and from the allegedly inaccurate financial records.  Plaintiffs counter that Defendants have waived their rights to seek attorneys' fees by failing to include any such claim in their Amended Complaint.  Plaintiffs also argue that there is no basis to award attorneys fees arising from the allegedly inaccurate financial records as the parties resolved this issue by settlement, and there has been no admission that there were, in fact, any such inaccuracies.  Finally, Plaintiffs assert that the indemnity provision relied upon by Defendants does not apply to the claims asserted by Defendant.

## II. Discussion

Defendants' assert that their failure to state a claim for attorneys' fees does not bar the claim because the issue was raised and litigated in their Motion for Partial Summary Judgment, without objection by Plaintiffs.  Thus, they argue, Plaintiffs cannot now claim any prejudice from their failure to plead the issue.  As Plaintiffs point out, however, the request for attorneys' fees made in Defendants' Motion for Partial Summary Judgment was limited to costs arising from the incorrect calculation of the purchase price adjustment.  Defendants' first request for costs relating to the allegedly inaccurate financial records was raised, so far as the record reflects, for the first time by

3

the instant motion.

While the Court may have discretion to consider a claim for attorneys' fees not raised in the Amended Complaint but actually litigated by the parties, that is simply not the case with regard to Defendants' claim for attorneys' fees relating to the allegedly incorrect financial records.  Furthermore, even if the Court did have such discretion, the circumstances presented here weigh strongly against exercising it in Defendants' favor.  Defendants' motion comes after the parties have stipulated to a dismissal of the factual controversy underlying their request for fees.  In order to determine liability for these attorneys' fees the Court would have to permit the parties to litigate that factual issue.  This clearly runs counter to the parties agreement to resolve that issue amicably.  Accordingly, Defendants' have waived their right to seek attorneys' fee relating to the allegedly inaccurate financial records.

Turning to Defendants' claim for attorneys' fees based upon the erroneous purchase price adjustment calculation, the Court need not determine whether this has been waived, as Defendants' are clearly not entitled to the relief that they seek.  The parties agree that the indemnification agreement, and thus liability for attorneys' fees, does not apply to "acts or omissions" occurring after the closing date.  In its Order on Motion for Summary Judgment, the Court concluded that the closing date was the date that cash and cash equivalents were divested, a date that the undisputed summary judgment record indicated was February 29, 2004.  It is undisputed that the erroneous calculation occurred after this date.

Defendants argue that the closing could not have occurred prior to the calculation of the purchase price adjustment because the closing was defined as "the consummation

4

of the transaction" and the calculation of the purchase price was a material aspect of that transaction. *See* Purchase and Sale Agreement ¶ 1, attached as exhibit 2 to Affidavit of David C. Johnson (Docket Item No. 31). As Plaintiff correctly asserts, however, the Purchase and Sale Agreement specifically states that the purchase price adjustment was to be calculated "within thirty days of the Closing Date." *Id.* at ¶ 4(b)(iii). Thus, the calculation of the purchase price adjustment is specifically excluded from the events that must occur in order to complete "consummation of the transaction."

Defendants attempt to explain this by arguing that "Closing" and the "Closing Date" are separately defined terms. This is incorrect. The Purchase and Sale Agreement defines the "Closing Date" as the date on which the "Closing" occurred. *See id.* at ¶ 1. To read it otherwise runs contrary to the plain language of the agreement and common sense. Accordingly, Defendants' are not entitled to costs arising from the erroneous calculation of the purchase price adjustment.

### IV.  Conclusion

For the reasons stated above, the Court **ORDERS** that Defendants' Motion for Attorneys' Fees be, and it is hereby, **DENIED**.

>    */s/ Gene Carter*_____
>    Gene Carter
>    Senior United States District Judge

Dated this 28th day of July, 2006.